IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODWICK JOHNSON, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> J. PRICE, ) <br> ) <br> Respondent. ) <br> ) | No. C 15-4127 JSW (PR) <br><br> **ORDER TO SHOW CAUSE;** <br> **GRANTING LEAVE TO PROCEED IN** <br> **FORMA PAUPERIS** |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction. He has applied for leave to proceed in forma pauperis.

## BACKGROUND

Petitioner was convicted in Monterey County Superior Court following his plea of nolo contendere to counts of kidnapping and robbery, and to sentence enhancements for weapon use. The trial court sentenced him to a term of 40 years in state prison. Petitioner did not appeal, but he has filed habeas petitions in all three levels of the California courts. These petitions were all denied. The instant petition followed.

**DISCUSSION**

I      Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

II.     Legal Claims

As grounds for federal habeas relief, Petitioner claims that: (1) his guilt plea was not knowing and voluntary because of his mental incompetence, and the trial court violated his right to due process by accepting his plea without conducting a competency hearing; and (2) he received ineffective assistance of counsel because counsel failed to adequately investigate Petitioner's mental incompetence to go to trial.  When liberally construed, these claims warrant a response from Respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it

2

on Respondent within **twenty-eight (28)** days of the date the answer is filed.

    3. Respondent may, within **ninety-one (91) days**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

    4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    5. Leave to proceed in forma pauperis is GRANTED.

IT IS SO ORDERED.

DATED: November 23, 2015

                                JEFFREY S. WHITE
                                United States District Judge