1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9
10              FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
12   RODWICK JOHNSON,                )   No. C 15-4127 JSW (PR)
                                     )
13                  Petitioner,      )   **ORDER DENYING MOTION TO**
                                     )   **DISMISS; TO SHOW CAUSE**
14         vs.                       )
                                     )
15   J. PRICE,                       )
                                     )
16                  Respondent.      )   (Dkt. No. 11)
                                     )
17   _____ )

18
19         Petitioner, a prisoner of the State of California proceeding pro se, has filed a
20   habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of
21   his conviction from 2007 in Monterey County Superior Court for kidnapping and
22   robbery.  He claims that his guilty plea to those charges was not knowing and voluntary
23   because of his mental incompetence, and the trial court violated his right to due process
24   by accepting his plea without conducting a competency hearing.  He also claims that trial
25   counsel was ineffective in failing to adequately investigate Petitioner's mental
26   incompetence to go to trial.
27         Respondent has filed a motion to dismiss the petition under 28 U.S.C. §
28   2244(b)(3) because it is a second or successive petition.  A second or successive petition

challenging the same state court judgment may not be filed in federal district court unless the petitioner first obtains from the Ninth Circuit an order authorizing this Court to consider the petition.  *See* 28 U.S.C. § 2244(b)(3)(A).  Petitioner two previous federal habeas petitions, *Johnson v. Neoitti*, No. C 10-3133 JSW (PR), and *Johnson v. Price*, No. C 14-1592 JSW (PR), challenged a state court decision to deny him transcripts of his criminal proceedings, which is not the same state court judgment challenged here.  As such, the instant petition is not a "second or successive" petition, within the meaning of Section 2244(b)(3), to Petitioner's two prior federal habeas petitions.

Even the most cursory review of the prior petitions reveals that they challenged the denial of transcripts, not the 2007 conviction and sentence, and yet Respondent has failed to mention or address this issue in his motion.  In his reply brief, Respondent asserts that the 2010 petition included claims challenging the voluntariness of his 2007 guilty plea and the effectiveness of his trial counsel.  This assertion is wrong. Respondent offers as support for this assertion only the unexplained and incomprehensible citation "CR 1."  Whatever that citation means, there is only one claim in the 2010 petition: that the state courts he was improperly denied transcripts of the sentencing proceedings.  *Johnson v. Neoitti*, No. C 10-3133 JSW (PR), ECF No. 1 at 6-8.)  He explains that he needs the transcripts in order to support the claims that Respondent describes, *see id.* at 8:22-9:4, 9:26-11:4, but at no point in his 2010 petition does he indicate that he is bringing those claims or challenging the 2007 conviction or sentence itself.

In light of the foregoing, it is hereby ordered as follows:

1. Respondent's motion to dismiss (ECF No. 11) is DENIED.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a

copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **twenty-eight (28)** days of the date the answer is filed.

3.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  May 24, 2016

_____
JEFFREY S. WHITE
United States District Judge