UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RODWICK JOHNSON,

    Plaintiff,

v.

JEROME PRICE,

    Defendant.

Case No. 15-cv-04127-JSW

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

Petitioner, a prisoner of the State of California, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his no contest plea and sentence in state court. Respondent filed an answer to the petition, to which Petitioner filed a traverse. For the reasons set forth below, the petition is DENIED.

## PROCEDURAL BACKGROUND

Petitioner pled guilty on June 28, 2007, to charges of kidnaping and robbery, and admitted to having a prior felony, using a gun during the robberies, and acting for the benefit of a gang. In exchange for Petitioner's guilty plea, the prosecutor dismissed 23 counts. The Monterey County Superior Court sentenced Petitioner to a term of 40 years in state prison. He did not appeal the judgment. Between 2008 and 2013, he filed requests in the state superior, appellate and supreme courts for transcripts of the plea and sentencing hearing. The superior court finally granted that request on January 18, 2012, but the transcripts were not sent to him until November 25, 2013. (ECF No. 1-7.) Petitioner also filed two federal habeas petitions in this Court concerning his transcripts, both of which were dismissed. (See Case Nos. C 10-3133 JSW, C 14-1592 JSW.)

Between 2013 and 2015, Petitioner filed habeas petitions in the state superior court, appellate court, and supreme court, raising claims raised in the instant petition --- namely that the guilty plea was not knowing or voluntary because of his mental incompetence, that he was improperly denied a competency hearing, and that his trial counsel was ineffective in failing to investigate his competency; these petitions were all denied. (Resp. Exhs. A, H,-N.) On September 10, 2015, Petitioner filed the instant federal petition.[1]

**STANDARD OF REVIEW**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

---

[1] A factual summary of the crimes is not necessary because Petitioner's claims only concern his mental competency to plead guilty.

In this case, the last reasoned opinion by the state courts on Petitioner's claims are the opinions of the Monterey County Superior Court denying Petitioner's habeas petitions in which he raised the two claims raised here. (ECF Nos. 1-5, 1-12.) Those, consequently, are the opinions reviewed here under the standard or review set forth in 28 U.S.C. § 2254(d). *See Cannedy v. Adams*, 706 F.3d 1148, 1158 (9th Cir.), *amended*, 733 F.3d 794 (9th Cir. 2013).

## DISCUSSION

As grounds for federal habeas relief, Petitioner claims: (1) the state courts unreasonably applied the Supreme Court's holdings in failing to hold a competency hearing; and (2) the state courts unreasonably applied *Strickland v. Washington* in rejecting his claim of ineffective assistance of counsel.

### I. Petitioner's Competency During Plea Proceedings

Petitioner claims that he was mentally incompetent to enter a guilty plea. A criminal defendant may not be tried unless he is competent and he may not waive his right to counsel or plead guilty unless he does so competently and intelligently. *Godinez v. Moran*, 509 U.S. 389, 396 (1993). The conviction of a defendant while legally incompetent violates due process. *Cacoperdo v. Demosthenes*, 37 F.3d 504, 510 (9th Cir. 1994). The test for competence is whether the defendant demonstrates the ability "to consult with his lawyer with a reasonable degree of rational understanding" and a "rational as well as factual understanding of the proceedings against him." *Godinez*, 509 U.S. at 396. The question "is not whether mental illness substantially affects a *decision*, but whether a mental disease, disorder or defect substantially affects the prisoner's *capacity* to appreciate his options and make a rational choice." *Dennis v. Budge*, 378 F.3d 880, 890 (9th Cir. 2004) (emphasis in original).

Petitioner was arrested for robbing banks and related offenses on or about August 19, 2005, and taken into custody at the Monterey County Jail. He entered his guilty plea and was sentenced on July 28, 2007. He has submitted declarations and medical records showing that between 2005 and his guilty plea, jail psychiatrists diagnosed him as suffering from schizoaffective disorder, for which he was prescribed medication. When he entered jail, he was examined by a psychiatrist, and he stated that when he had recently been released from prison and

3

was given medication for his condition there. He indicated that he was not having auditory hallucinations although he had had them in the past, and he denied having hallucinations or suicidal or homicidal thoughts. Several months later, he was seen again in the jail by a psychiatrist because he complained of sleeplessness and auditory hallucinations. The psychiatrist observed no hallucinations, found Petitioner to be polite, cooperative, and not preoccupied, and spoke in a coherent and relevant manner. A new medication was prescribed. A psychiatrist next examined Petitioner on June 22, 2007 (six days before his guilty plea, and Petitioner told her that he had no complaints and wanted to continue his medication. That medication was continued.

The transcript of the plea hearing evinced no confusion or irrationality on Petitioner's part. The Monterey County Superior Court accurately summarized the hearing as follows:

> The transcript from the change of plea demonstrates that the trial court thoroughly informed petitioner's co-defendant and then petitioner of their constitutional rights and the consequences of entering a plea agreement. As a condition of the plea agreement, petitioner was willing to give up his right ot file a motion to withdraw his plea or to appeal the final judgment of conviction. After fully advising petitioner regarding his rights, waivers, and conditions of the plea, the court sought to ensure that petitioner was entering the disposition fo his own accord. Petitioner stated: "I got no choice but [to] take the deal" because the People "made me an offer I can't refuse." After entering his change of plea and admitting the additional allegations, petitioner addressed the court as follows: "From looking back on everything I have been through as far as dealing with the court process, I feel like I'm getting another chance at life. Although 40 years is a long time," I'd "rather [that] than 100 years and four life sentences." Petitioner's statements in court demonstrate that he understood the huge exposure he faced following a trial conviction. These statements, combined with petitioner's questions to the court during the proceedings, sufficiently demonstrate that he knowingly and voluntarily entered in to a plea agreement. The fact that petitioner may have been taking prescribed psychotropic medications does not negate this fact.

(ECF No. 1-5 at 3.) Additionally, Petitioner rationally discussed parole, asking whether he was "under the old law," and when the trial court explained that the parole term would last seven years, Petitioner stated that he understood. (ECF No. 1-1 at 25.)

Petitioner contends that he was mentally incompetent because he was taking psychotropic medications. He has submitted a declaration stating that he was suffering from "confusion … delusions, hallucinations" when he accepted the plea agreement, and a print-out of the possible

4

side effects of one of his medications (Etrafon).[2] (ECF No. 1-2 at 3, 11-14.) On the other hand, a the psychiatric examination of Petitioner a few days before the plea hearing indicated that he had no problems while under the medication, and the transcript of the plea hearing itself demonstrates that he was coherent, understood what was happening, and made rational responses to the questions and issues being discussed. In light of the latter evidence, the state courts could reasonably credit the latter evidence and conclude based thereon that Petitioner could consult with his lawyer rationally and understood the reasoning and facts of the plea proceedings. Therefore, Petitioner made not receive federal relief based upon a claim of being mentally incompetent to plead guilty.

The Court notes that this conclusion does not conflict with the finding in the Order denying Respondent's motion to dismiss that Petitioner was entitled to equitably toll the statute of limitations for federal habeas petitions due to his mental impairment. (ECF No. 22.) The equitable tolling and competency analyses are distinct insofar as they concern Petitioner's mental capacity to understand different concepts at different times. *First*, equitable tolling requires a showing that he could not rationally or factually "personally understand *the need to timely file*," or "personally to prepare a habeas petition and effectuate *[the federal petition's] filing*." *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (emphases added). The finding of equitable tolling was based on a finding that Petitioner could not personally navigate AEDPA's complex rules about when the limitations period commences, runs, and tolls. By contrast, as described above, incompetency requires him to show he could not rationally or factually understand his guilty plea proceedings. The transcript of those proceedings established that he was mentally competent to do so; no such transcript showed Petitioner's similar ability to understand AEDPA's filing deadline and tolling rules. *Second*, the two analyses concern Petitioner's mental abilities at different times: his competency hinged on his mental capacity at the plea hearing in August 2007, whereas equitable tolling concerned his mental capacity from late 2008 --- when the limitations period would have otherwise expired --- to 2015, when the instant petition was filed. Thus,

---

[2] The print-out also indicates that the side effects are potential, and also can be mitigated by other medications. Petitioner was prescribed additional medication in combination with Etrafon.

5

Petitioner's entitlement to equitable tolling does not establish his incompetence to plead guilty.

Although it is clear that Petitioner suffered from mental disabilities at the time he pled guilty, the Supreme Court has plainly stated that persons with mental disabilities "frequently know the difference between right and wrong and are competent to stand trial." *Atkins v. Virginia*, 536 U.S. 304, 318 (2002). Petitioner was under the care of psychiatrists and was prescribed medications for his condition, medications that Petitioner reported were effective. Petitioner's contention that he was not mentally competent is a dispute between his own opinion and that of the medical expert who examined him several days before the guilty plea. In light of the latter opinion, as well as Petitioner's coherent and rational participation at the plea proceedings, the state court could reasonably deny the p could reasonably determine that Petitioner was competent to plead guilty.

## II. Ineffective Assistance of Counsel

Petitioner also claims that counsel was ineffective because he failed to investigate whether Petitioner was competent to plead guilty.

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, a petitioner must establish two things. First, he must establish that counsel's performance was deficient, and second, that he was prejudiced by counsel's deficient performance. *Id.* at 687, 692. A petitioner seeking to challenge the validity of his plea on the ground of ineffective assistance of counsel must satisfy the two-part *Strickland* standard by showing that (1) his "counsel's representation fell below an objective standard of reasonableness[,]" and (2) "there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded . . . and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985).

The state court offered the following reasoning for why counsel's failure to investigate Petitioner's mental competence, even if presumed unreasonable, was not prejudicial:

> First, a finding of incompetence does not absolve one of

> criminal liability. It merely postpones the criminal proceedings to the extent that a person could be sentenced under the law. Second, petitioner's contention that he could have defeated the mens rea element of all 29 alleged offenses at trial is merely speculation. He faced 100 years, plus four life sentences, if convicted of all charges. In sum, petitioner received the benefit of a bargain by entering into a plea agreement resulting in a 44 year sentence,[3] and his attorney's actions did not result in any prejudice.

(ECF No. 1-12 at 4) (footnote added).

Even if it is presumed that counsel acted deficiently in failing to investigate or request a hearing on Petitioner's competency, there is no reasonable probability that he would not have pleaded guilty and insisted on going to trial. *First*, for the reasons discussed above, there is no reasonable probability that an investigation or hearing would have established incompetency --- Petitioner had six days earlier reported to a psychiatrist that his medications were working well and he was having no problems, and he spoke coherently and with a clear understanding of the proceedings at the plea hearing. *Second*, even if incompetency could have been established, moreover, there is no reason to conclude that Petitioner would not plead guilty and would instead insist on going to trial on 29 charges with no indication that he could win on any of them, and then face 100 years and four life terms in prison. An incompetency finding would not help Petitioner defeat any of the charges, and as a result would not give the prosecutor any reason to offer a better bargain. The state courts reasonably concluded that the failure to investigate or request a hearing on Petitioner's competence was not prejudicial because there is no reasonable probability that incompetency would have been established, or that it would have led Petitioner to not plead guilty and insist on going to trial.

Accordingly, federal habeas relief is not warranted on Petitioner's claim.

//

//

---

[3] Petitioner's sentence was in fact 40 years.

7

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DENIED. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253 (c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of the Respondent and close the file.

**IT IS SO ORDERED.**

Dated: April 4, 2018

JEFFREY S. WHITE
United States District Judge